IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ROBERT CHARLES HUSS,

    Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR IMMEDIATE REASSIGNMENT AND CHANGE OF VENUE [#69][1]

---

This order addresses Plaintiff Delmart E.J.M Vreeland's ("Vreeland") Motion for Immediate Reassignment and Change of Venue ("Motion") [#69]. The Motion was referred to me by Chief Judge Philip A. Brimmer. [#70.] Defendant Robert Charles Huss filed no response to the Motion.[2] For the following reasons, the Motion is DENIED.

### A.     BACKGROUND

Vreeland moves the Court to reassign and change the venue of this matter based on what Vreeland characterizes as an admission by attorneys from the Colorado Attorney General's Office ("AG") that they engaged in an illegal *ex parte* communication with this

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF.
[2] A Court need not wait until a motion is fully briefed and may rule on a motion "at any time after it is filed." *See* D.C.COLO.LCivR 7.1(d).

1

Court in a separate lawsuit in which Vreeland is the plaintiff and is represented by counsel. [#69 at p. 1.] *See Vreeland v. Tiona et al.*, No. 17-cv-01580-PAB-SKC ("*Tiona*"). Vreeland alleges that on September 12, 2019, an AG attorney in *Tiona* "admitted to illegal, *ex parte* communications" with the undersigned magistrate judge "in an effort to gain a benefit for their clients[.]" [#69 at ¶¶5 and 9]

In *Tiona*, this Court issued an order setting a discovery conference stating: "Having been alerted to a Discovery Dispute between Plaintiff and CDOC Defendants, a Discovery Conference is set for 8/19/2019." [*Id.* at ¶9 (citing *Tiona* at ECF. #320).] Vreeland argues that, in *Tiona*, this Court did not allow "the standard 14 days['] notice [of hearing] to [Plaintiff's] counsel in [*Tiona*]," and that "said counsel moved for an enlargement of time as he was not able to appear as he had other matters scheduled for that specific date in the U.S. Court of Appeals, Tenth Circuit."[3] [*Id.* at ¶11 (citing *Tiona* at ECF. #322.] This Court denied defense counsel's motion to enlarge time because he failed to confer with opposing counsel (as required) prior to filing the motion, and further because the "purpose of this conference is to discuss the lack of communication between the parties regarding discovery, and therefore, the Court does not believe any preparation to be necessary." [*Tiona*, #325.] Despite the Court's denial of this Motion, Vreeland's attorney failed to

---

[3] To be clear, Vreeland's attorney's motion in *Tiona* did not state he had to <u>appear</u> in the Tenth Circuit on the date of the discovery conference. Instead, it stated merely that counsel "has two Opening Briefs due to be filed in the [Tenth Circuit]" on the date for the discovery conference.

2

appear for the discovery conference anyway, and the Court held the conference in his absence after the Courtroom Deputy's calls to counsel's office went unanswered.

After the Discovery Conference in *Tiona*, this Court issued an Order to Show Cause on Vreeland's attorney as to "why he should not be sanctioned for his failure to appear at today's discovery hearing and failure to diligently respond and cooperate in conferrals over the parties' discovery dispute. Mr. Tondre should also show cause why this case should not be dismissed for failure to prosecute in light of this conduct." [*Tiona*, #327.]

Vreeland argues that his counsel in *Tiona* "communicated with a member of the [AG]" regarding the setting of the Discovery Conference, and "said State lawyer admitted that he, and others had been having illegal *ex parte* communications with various courts, and specifically with" this Court. [*Id.* at ¶14.] He goes on to assert that these "*ex parte* communications" show corruption in each of Vreeland's cases pending before this Court, states concern over a biased court, and requests, "[a]t a minimum, . . . an immediate order of recusal and reassignment" of cases in which the undersigned is the referral magistrate judge. [*Id.* at ¶¶17, 19-22.]

## B. DISCUSSION

Vreeland's concern about illicit *ex parte* communication appears to be a by-product of this Court's Civil Practice Standards that apply when both parties are represented by counsel, as they are in *Tiona*.[4] Those standards require counsel to call my chambers

---

[4] Different standards apply in *pro se* prisoner cases, like the current case.

3

when a discovery dispute arises before filing any disputed discovery motions. *See* SKC Civ. Prac. Standards § E.3.c (stating standard for presenting discovery disputes to the Court when all parties in a case are represented by counsel). The Court clarifies the events below.

In accord with these standards, on August 12, 2019, defense counsel in *Tiona*, Cole Woodward, contacted my chambers pursuant to this Court's practice standards regarding discovery disputes. Those practice standards instruct the parties to jointly contact chambers concerning a discovery dispute to set the matter for a hearing or to receive further instruction from my law clerks. Speaking only to my law clerk, Mr. Woodward stated that there was a dispute regarding Plaintiff's responses to written discovery and, despite his several attempts, Mr. Woodward had not been able to reach Plaintiff's counsel in *Tiona*, Brice Tondre, to confer over the discovery dispute. The substance and merits of the discovery dispute were not discussed during the call, and the Court set the matter for a discovery hearing the following week. [*Tiona*, #320.] *See, e.g., Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1095 (10th Cir. 2010) (upholding a district court's determination that a telephone call from a judge's law clerk to counsel was harmless and warranted no further investigation or sanctions); *Knop v. Johnson*, 977 F.2d 996, 1011 (6th Cir.1992) (concluding that a law clerk's telephone call requesting that a witness file supplemental documentation did not warrant a new trial); *United States v. Helmsley*, 760 F.Supp. 338, 345 (S.D.N.Y.1991) (stating that a phone call between a law clerk and counsel requesting that counsel submit a scheduling proposal was not

impermissible and did not suggest bias because it did not involve discussion of the merits or of any issue in the case).

The Sunday before the Monday Discovery Conference, Mr. Tondre filed a motion for extension of time requesting that the conference be vacated because he "also has two Opening Briefs due to be filed in the United States Court of Appeals on August 19, 2019." [*Tiona*, #322 at p. 1.] He also indicated that he had not conferred with opposing counsel regarding the motion to vacate. [*Tiona*, #322.] Under the Colorado Local Rules, subject to exceptions not applicable here, conferral with opposing counsel prior to filing motions is mandatory and failure to do so is alone grounds for denial. D.C.COLO.LCivR 7.1; *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635-36 (D. Colo. 2003). Further, when this Court serves in the referral role on civil matters, it adheres to the practice standards of the presiding district judge, in this case Chief Judge Brimmer. *See* Magistrate Judge S. Kato Crews Civil Practice Standards § A.3. Judge Brimmer's practice standards are clear that motions for extension of time must be filed at least three business days prior to the relevant deadline. *See* Chief Judge Philip A. Brimmer's Civil Practice Standards § I.G.2. The motion must also be supported by good cause, which explicitly does not include the press of other business or practice as a sole practitioner. *Id.* at § I.G.1. Finally, one of the purposes of the Discovery Conference was to discuss the purported lack of communication from Mr. Tondre to Mr. Woodward, and therefore, the Court concluded that no preparation on the part of counsel was necessary for the conference.[5]

---

[5] *See, supra*, fn.3

Accordingly, the motion for an extension of time and to reset the Discovery Conference was denied. [*Tiona*, #325.]

On August 19, 2019, after delaying for twenty minutes waiting for Mr. Tondre to appear and after the Courtroom Deputy's calls to Mr. Tondre's office went unanswered, the Court convened the Discovery Conference in his absence. All counsel for Defendants were present, and the proceedings were recorded, as are all proceedings held on the record. [*Tiona*, #327.] Mr. Woodward generally appraised the Court regarding the substance of the discovery dispute, and the Court issued an Order to Show Cause why Mr. Tondre should not be sanctioned for his failure to appear at the Discovery Conference and for his failure to diligently respond and confer over the pending discovery dispute. [*Tiona*, #327.]

Based on these circumstances, the Court finds no basis for recusal. None of the facts set forth in Vreeland's Motion establish that the undersigned has a personal bias or prejudice concerning him or that there is any reasonable basis to question the Court's impartiality in this case, as required by 28 U.S.C. § 455(b)(1). Nor do the facts support granting a change of venue for the convenience of parties and witness, or in the interest of justice, as required by 28 U.S.C. § 1404. The Court is well-aware of the basis of Vreeland's claims in this and some of his other pending matters deriving from his theories of conspiracy or other plots among government actors against him. Under these circumstances, the Court understands why he might raise concern or suspicion over the circumstances surrounding the Discovery Conference in *Tiona* in which his attorney failed

to appear despite notice[6] of the conference and despite the Court denying his attorney's motion to re-set that conference. However, it appears that Mr. Tondre did not clearly inform Vreeland about the procedures set forth in my practice standards, or about Mr. Woodward's attempts at conferral, or the basis or substance of Mr. Woodward's phone call with my Chambers. As explained above, Mr. Woodward's August 12, 2019 phone call with my clerk's to set a discovery conference was not an improper *ex parte* communication as a matter of law.

Finally, the Court notes that on October 1, 2019, the Court issued an Order re: Order to Show Cause in *Tiona*, making the show cause order absolute and entering "an award of attorney's fees against Mr. Tondre, individually, based on his failure to appear at the Discovery Conference and his direct violation of this Court's Order." [*Tiona*, #342, at p. 4 (emphasis added).] Vreeland himself was not sanctioned in that matter because the Court did not attribute the actions of his attorney to Vreeland. Thus, Vreeland's stated concern regarding a conspiracy to dismiss his *Tiona* matter is without merit.

### C. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Vreeland's Motion [#69] is DENIED.

---

[6] Vreeland argues that the Court failed to give his counsel "the standard 14 days['] notice [of hearing]." The Court is unaware of any such requirement or standard, and Vreeland has not cited to any authority from which the claimed standard derives. As a lawyer, Vreeland's attorney receives instant notice of any orders docketed in the CM/ECF system.

DATED: October 2, 2019.

                                                 BY THE COURT

                                                 S. Kato Crews
                                                 U.S. Magistrate Judge