IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ROBERT CHARLES HUSS,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO
## SANCTION ATTORNEY WILLIAM ALLEN [#62]

Plaintiff Delmart E.J.M Vreeland ("Plaintiff") is a *pro se* prisoner with multiple lawsuits pending in this U.S. District Court which allege various violations of his civil rights and conspiracies to deprive him of those rights. He sought leave to amend his complaint to, among other amendments, assert claims against three attorneys employed by the Colorado Attorney General's Office – Jennifer Huss, Kristin Ruiz, and Julie Tolleson. [*See generally* #53 ("Motion to Amend").][1] When responding to the Motion to Amend, William Allen ("Allen") – the attorney representing Defendant Huss – wrote the following in his response pleading filed with the Court:

> Vreeland now seeks to add in three <u>additional</u> attorneys who represent CDOC in other Vreeland-filed cases for no reason other than to make Defendants' former and present counsel parties to the case to relitigate the allegations made in Plaintiff's motion alleging attorney misconduct, which the Court has already resolved. Allowing Vreeland to bring in these

---

[1] The Court uses "[#__]" to refer to entries in the electronic docket from CM/ECF.

1

>attorneys would also disqualify <u>the four attorneys</u>, forcing the State of Colorado to dedicate additional resources to this case and the numerous other cases Mr. Vreeland has filed against CDOC.

[#60 at p.5 (first emphasis in original; second emphasis added).]

Plaintiff filed the current Motion to Sanction Attorney William Allen ("Motion") arguing that the above statement is a lie because, according to Plaintiff, the three lawyers "had either quit or been fired" months before Allen filed the response pleading. [#62 at ¶3.] Thus, Plaintiff argues that "ZERO resources would have to be dedicated to replace these lawyers on Vreeland cases, yet attorney William Allen chose to intentionally, knowingly, lie to this Court in an attempt to obtain a favorable ruling for himself and his friends . . . ." [#62 at ¶6 (emphasis in original).]

The Court has considered the Motion and related briefing and finds no hearing is necessary. The Court construes the Motion as seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure.[2] Plaintiff requests the following sanctions: (1) striking Defendant's Response to the Motion for Leave to Amend [#60]; (2) granting the Motion for Leave to Amend [#53]; (3) reporting Allen's lies to the Colorado Attorney Regulation Counsel; (4) ordering Allen to pay "a fee to the Court"; (5) ordering "costs of pleading to be paid to Plaintiff; and (6) "any other sanction the Court deems just." [#62 at p. 3.] The Court DENIES the Motion for the reasons stated below.

---

[2] Courts must liberally construe *pro se* litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

2

## A. LEGAL STANDARD

Rule 11 provides that by presenting a pleading, written motion, or other paper, to the court, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (1) the filing is not presented for any improper purpose; (2) the claims and legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law; and, (3) "the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

Rule 11 establishes a standard of objective reasonableness. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). The test for imposition of Rule 11 sanctions is whether counsel's conduct was reasonable under the circumstances of the case. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). It does not require a finding of subjective bad faith on the part of the offending attorney. *Cf. Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness).

The duty of candor established under Rule 11 exposes counsel to sanctions for arguing a false position or continuing to advocate a position after learning that it ceases to have merit or is no longer tenable. *Young v. Corbin*, 889 F. Supp. 582, 585 (N.D.N.Y. 1995). Ultimately, Rule 11 seeks to curb abuses of the litigation process. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, Inc., 498 U.S. 533, 542 (1991). It is not intended to function as a fee-shifting provision or to reward parties who are victimized by litigation.

*See, e.g., Tidik v. Ritsema*, 938 F. Supp. 416, 426 (E.D. Mich. 1996); *Watson v. City of Salem*, 934 F. Supp. 666, 667 (D.N.J. 1996).[3]

> [I]n determining whether (and what) sanctions are appropriate, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant," [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." Before a court orders dispositive sanctions, it should also consider the efficacy of lesser sanctions.

*Grady v. Broderson*, No. 13-cv-00752-REB-NYW, 2015 WL 1384371, at *4 (D. Colo. Mar. 23, 2015) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)). "[T]he *Ehrenhaus* factors should be considered even in cases that do not involve dispositive sanctions." *Id.* (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 102 (D. Colo. 1996)).

## B. ANALYSIS

Allen argues the following regarding his statement to the Court:

> Plaintiff is correct that Rob Huss (the current defendant in this case) is no longer with the Attorney General's office. That fact is known to Vreeland and to this Court because Mr. Huss withdrew as counsel from his Vreeland lawsuit because his employment ended with the Office. Kristen Ruiz is likewise no longer employed with the Attorney General's office. However, Julie Tolleson and Jennifer Huss (despite Plaintiff's claim to the contrary) are currently employed with the Attorney General's office and despite inadvertently including Mr. Huss and Ms. Ruiz in the argument in Doc. #60,

---

[3] Rule 11 imposes certain procedural requirements on parties seeking sanctions. A party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct that allegedly violates Rule 11(b). The party must serve the motion on the opposing party. If, after 21 days, the offending party does not withdraw the challenged conduct, the party seeking sanctions may file its motion for sanctions with the court. *See* Fed. R. Civ. P. 11(c)(2). Because the Court has construed this pleading as seeking Rule 11 sanctions, these procedural requirements were not followed. This is basis alone to deny the Motion, however, the Court rules on the Motion nonetheless under the circumstances.

> the <u>principle</u> is what is important, not the specific Attorneys General that Plaintiff seeks to name, and Mr. Vreeland should not be able to disqualify <u>any</u> attorney (such as Ms. Tolleson or Ms. Huss) by taking the unethical step of adding the attorneys to the lawsuit as named defendants.

[#67 at ¶3 (emphasis in original).]

Allen's representation to the Court was inexact, but it was not materially false; his statement suggested that four lawyers were employed by the Attorney General's office at the time, when apparently only two were (Julie Tolleson and Jennifer Huss). In his reply pleading, Plaintiff does not dispute that Julie Tolleson and Jennifer Huss were then "currently employed" with the Attorney General's office at the time of Allen's response pleading. [*See* #68.] Whether four or two attorneys were employed at the time, Allen's underlying position that suing lawyers employed by the Attorney General's office could result in attorney disqualifications and a shuffling of resources, was not a false position. In this regard, the statement had little effect on the judicial process.

Moreover, the statement had no effect on the district court. When ruling on the Motion to Amend, Chief Judge Brimmer stated:

> [P]laintiff filed a Motion to Sanction Attorney William Allen for Lies to Court [Docket No. 62]. Broadly, plaintiff alleges that defense counsel made misrepresentations to the Court in the response to the motion for leave to amend. Docket No. 62 at 1-2. The Court does not rely on the alleged misrepresentations in resolving the motion for leave to amend.

[#71 at n.2.] Thus, Plaintiff suffered no actual prejudice.

Allen claims that his representation that four rather than two attorneys were current attorneys in the Attorney General's office "was inadvertent, and the undersigned apologizes for the oversight." [#67 at ¶6.] While Allen is certainly to blame, as discussed above, the oversight did not result in him taking a false position before the court because

the underlying argument had a basis in fact since two of the lawyers were employed with the Attorney General's office at the time. As a result, the Court does not find that Allen argued a false position or continued to advocate a position that ceased to have factual support to warrant an award of sanctions. *See Young,* 889 F. Supp. at 585.

## C. CONCLUSION

"The imposition of Rule 11 sanctions is properly reserved for exceptional circumstances . . .." *United States ex rel. Maxwell v. Kerr Mc-Gee Oil & Gas Corp.*, 2010 WL 582393, at *8 (D. Colo. Feb. 17, 2010) (citing *Wartsila NSD North America, Inc. v. Hill Int'l, Inc.*, 315 F. Supp.2d 623, 627–28 (D.N.J.2004)); *see also Estate of Strong v. City of Northglenn, Colorado*, No. 1:17-CV-1276-WJM-SKC, 2018 WL 6589813 (D. Colo. Dec. 14, 2018) (Rule 11 sanctions awarded under exceptional circumstances), *recommendation adopted 01/14/19*.

While even a single falsehood to the court by a lawyer should seemingly <u>always</u> constitute an exceptional circumstance, the Court declines to find that on this record. This is <u>only</u> in consideration of the nature of the circumstances on this specific record, which involve one alleged falsehood that was not materially false, did not result in a false position being advanced before the Court, and did not impact the pertinent result or these proceedings in any particular fashion. To the extent Rule 11 sanctions are reserved for exceptional circumstances, the Court finds nothing exceptional in the circumstances alleged in the Motion. For these reasons the MOTION is DENIED.

DATED: March 29, 2020.

                                              BY THE COURT

                                              S. Kato Crews
                                              U.S. Magistrate Judge