IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ROBERT CHARLES HUSS,

    Defendant.

---

## ORDER

---

    This matter is before the Court on plaintiff's Motion to Recuse Chief Judge Philip A. Brimmer [Docket No. 78]. Plaintiff, proceeding *pro se*, requests the Court's recusal from all cases involving plaintiff pursuant to 28 U.S.C. §§ 144 and 455.

    Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving

party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept the factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939. The statute does not afford litigants a "veto power over sitting judges," nor is it a "vehicle for obtaining a judge of [one's] choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted).

In support of his motion, plaintiff argues generally that the Court is biased against him because of various rulings of the Court that have been unfavorable to him. *See* Docket No. 78 at 3-6. Plaintiff also argues that the Court intentionally delays in ruling on motions filed by plaintiff. *See id*. at 6-8. Plaintiff contends that, as a result, "any reasonabl[y] minded person would call into question the [Court]'s bias and impartiality." *See id*. at 9. Plaintiff also represents that he is in the process of filing a

complaint of judicial misconduct against the Court with the Tenth Circuit. *See id*.

The Court finds that plaintiff has not demonstrated any basis for recusal. Plaintiff has not submitted a timely and sufficient affidavit of personal bias and prejudice, as § 144 requires.[1] "[B]aseless personal attacks on or suits against the judge by a party" do not mandate recusal in a case in which the judge is not a party. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The thrust of plaintiff's motion is that the Court regularly rules against him, which is not a valid basis for the Court's recusal. *See Winslow v. Lehr*, 641 F. Supp. 1237, 1241 (D. Colo. 1986) ("[T]he fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice."). Similarly, allegations that a judge delays in ruling on motions filed by plaintiff do not demonstrate a basis for recusal. *See Kennedy v. Meacham*, 540 F.2d 1057, 1060 (10th Cir. 1976) (holding that "averments of delays or omissions by the Judge [do not] show grounds for him to recuse"). Thus, the Court finds that there is no basis to recuse itself under either § 144 or § 455 from this case or any of the other cases involving plaintiff. It is therefore

**ORDERED** that plaintiff's Motion to Recuse Chief Judge Philip A. Brimmer [Docket No. 78] is DENIED. It is further

**ORDERED** that plaintiff's Motion for Immediate Ruling on Motion to Recuse Doc. No. 78 [Docket No. 92] is DENIED AS MOOT.

---

[1] Although plaintiff suggests that he "has no ability to obtain sworn affidavits" as a state prisoner, *see* Docket No. 78 at 9, he points to no authority exempting him from the rule that the procedural requirements of § 144 are strictly construed. *See United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).

DATED March 31, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge