IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ROBERT CHARLES HUSS,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER [#79]

This Order addresses Plaintiff Delmart E.J.M. Vreeland, II's, ("Plaintiff") Motion to Alter or Amend or Grant Relief from Judgment or Orders Pursuant to Fed. R. Civ. P. Rules 59 and/or 60 ("Motion") [#79].[1] The Motion was referred to me by Chief Judge Philip A. Brimmer. [#83.] Defendant Robert Charles Huss ("Defendant") filed no response to the Motion.[2] For the following reasons, the Court DENIES the Motion.

### A.    BACKGROUND

On September 24, 2019, Judge Brimmer issued an order on Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File Amended Complaint. [#71 (the "Order").] In that Order, Judge Brimmer granted Plaintiff leave to amend the operative complaint to assert one proposed claim—a First Amendment retaliation claim against Defendant. [*See*

---

[1] The Court uses "[#__ ]" to refer to specific docket entries in CM/ECF.
[2] A Court need not wait until a motion is fully briefed and may rule on a motion "at any time after it is filed." *See* D.C.COLO.LCivR 7.1(d).

1

*generally id.*] Judge Brimmer denied Plaintiff leave to add three other proposed claims against four other Defendants. [*Id.*] Plaintiff now asks the Court to "alter amend or grant relief from" the Order. [#79 at p. 21.] "Alternatively, Plaintiff moves the court to recind [sic] Doc. 71 and issue an order granting the Motion for Leave to Amend, Doc. 53[.]" [*Id.*]

### B. DISCUSSION

Plaintiff seeks relief under Rule 59 and 60 of the Federal Rules of Civil Procedure. But neither Rule provides the relief he seeks. Both Rules set standards for reviewing a motion <u>after</u> the court enters a final order or judgment. Fed. R. Civ. P. 59 (pertaining to requests for a new trial or for altering or amending a judgment); Fed. R. Civ. P. 60 (pertaining to relief from a judgment or final orders); *see Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's motion for reconsideration [of an interlocutory order] under Rule 60(b) which only applies to final orders or judgments."). The Order was not a final order or judgment; therefore, the relief Plaintiff seeks is not available under Rules 59 and 60.

Nevertheless, "every order short of a final decree is subject to reopening" at the district court's discretion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."). The Motion seeks "amendment or alteration of the [Order] and relief from judgment." [#79 at p. 7.] Because Plaintiff is *pro*

2

*se*, the Court liberally construes the Motion as requesting reconsideration of the Order. *Cf. Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a *pro se* litigant's pleadings).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Id.* The bases for granting reconsideration are extremely limited:

> [g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Thus, "[a]bsent extraordinary circumstances, . . . the basis for the [motion for reconsideration] must not have been available at the time the first motion was filed." *Id.*

Plaintiff's arguments for reconsideration of Judge Brimmer's decision to disallow Plaintiff from asserting his other three proposed claims consist of: (1) disagreements with the court's conclusions underlying its decision; (2) reassertion of prior arguments already rejected by the Order; and (3) assertions that additional evidentiary support was in Plaintiff's possession at the time of the briefing. [*See* #79 at pp. 7-13.] These arguments do not provide grounds for reconsideration. *See Servants of the Paraclete*, 204 F.3d at 1012 (holding that a motion for reconsideration "is not appropriate to revisit issues already

addressed or advance arguments that could have been raised in prior briefing"); *Artificial Nail Techs., Inc. v. Flowering Scents, LLC,* No. 2:06-CV-609-DAK, 2007 WL 3254744, at *2 (D. Utah Nov. 2, 2007) (A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision[.]"). Further, this Court sees no manifest errors of law in the Order.

Plaintiff's argument concerning his proposed claim two requires more detailed consideration. He argues the Court misapprehended his position by construing his pleading to allege claims under 42 U.S.C. §§ 1985 and 1986 only. [*See* #79 at pp. 13-15.] The Order construed claim two as follows:

> In Claim Two, plaintiff seeks to add a claim for defendants' failure to report two conspiracies—one between Huss and Jennifer Huss to deprive him of his civil right to access the courts, and a second between Huss, Ruiz, Kirby, Tolleson, and Allen to deprive him of his civil rights.
>
> Although plaintiff does not specify under which statute he brings the Second Claim, he asserts jurisdiction under 42 U.S.C. §§ 1985 and 1986. Docket No. 53-1 at 7. These statutes provide a cause of action for conspiracy to interfere with civil rights and neglecting to prevent conspiracy, respectively. *See* 42 U.S.C. §§ 1985 and 1986. Plaintiff characterizes his Second Claim as "failure to report or do anything about, and actual conspiracy to deprive plaintiff of a civil right." Docket No. 53-1 at 17. The Court construes the Second Claim as two separate claims, a claim for conspiracy to interfere with civil rights under § 1985 and a claim for neglecting to prevent conspiracy brought under § 1986. *See* Docket No. 53-1 at 17-19.

[#71 at pp. 13-14 (footnote omitted).] Plaintiff argues that the court got it wrong because, according to him, claim two states a section 1983 claim.[3] [#79 at pp. 13-15.]

---

[3] Plaintiff does not challenge the Court's finding on the section 1986 portion of claim two. [*See* #79 at pp. 13-15.]

4

A civil conspiracy claim is available under section 1983. *See, e.g., Pendergraft v. Bd. of Regents of Okla. Colleges*, No. CV-18-0793-D, 2019 WL 7340303 at *2 (W.D. Okla. Dec. 30, 2019) (stating elements of a § 1983 conspiracy claim). While Plaintiff is correct that his proposed conspiracy claim did not cite to section 1985, it also did not cite to section 1983. [*See* #79 at pp. 13-15.] But Plaintiff did cite section 1986 in support of his conspiracy claim, alleging that defendants "violat[ed] 42 U.S.C. § 1986" by failing to do anything about the conspiracy. [#53-1 at p.18.] Importantly, the finding of a conspiracy under section 1985 is a predicate to liability under section 1986. *See* 42 U.S.C. § 1986 (requiring knowledge of conspiracy under § 1985). Thus, by specifically alleging his proposed conspiracy claim under section 1986, when construed liberally, Plaintiff's proposed claim two must necessarily also allege a conspiracy under section 1985. For these reasons, Judge Brimmer's construction of the proposed claim in this fashion does not necessitate reconsideration to correct clear error or prevent manifest injustice; no clear error is present.

The fact that a conspiracy claim may also arise under section 1983 does not persuade the Court that the Order misapprehended Plaintiff's position, for the reasons stated above. And while courts must liberally construe pleadings prepared by *pro se* litigants, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

\*   \*   \*

For these reasons, IT IS ORDERED that the Motion to Alter or Amend or Grant Relief from Judgment or Orders Pursuant to Fed. R. Civ. P. Rules 59 and/or 60 [#79] is DENIED.

DATED: June 24, 2020.

BY THE COURT:

_____

S. Kato Crews
U.S. Magistrate Judge