IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ROBERT CHARLES HUSS,

    Defendant.

## ORDER

Plaintiff Delmart E.J.M. Vreeland, II's filed this matter in 2018 to hold liable those who allegedly scuttled a settlement agreement in a separate lawsuit of his (the "*Tiona* Agreement"). The *Tiona* Agreement required the Colorado Department of Corrections ("CDOC") to lower Plaintiff's sex offender designation from "S-5-i" to "S-5-L." The change would allow the CDOC to transfer Plaintiff to a lower security facility and make Plaintiff a priority for the CDOC's sex offender treatment program, the completion of which is a factor in his eligibility for parole.

From what the Court can infer, the *Tiona* Agreement is materially identical to the terms of the injunction Plaintiff now requests the Court to enter in this matter. [*See* #97.][1] This Order explains why the Court now DENIES Plaintiff's Motion for an Order Pursuant

---

[1] The Court uses "[#___]" to refer to specific docket entries in CM/ECF.

1

Fed. R. Civ. P. 65 [#86] ("Motion for Order") and Motion for Immediate Hearing on Doc. No. 86 [#97] ("Motion for Hearing").[2]

Plaintiff asks the Court to "enter a Fed. R. Civ. P. Rule 65 order directing the CDOC to change Plaintiff's S-5-i classification code to S-5-L, and to do so within 21 days of said order." [#86 at p. 5 (quotations omitted).] Additionally, "upon not receiving any objection from Defendant[], Plaintiff moves the Court to issue an order dismissing the case in its entirety, with prejudice as long as the order is complied with." [*Id.*] He expressly requests a mandatory injunction under Rule 65 of the Federal Rules of Civil Procedure. [#86 at p. 4.]

### A. LEGAL STANDARD

A preliminary injunction is warranted where the movant makes four showings: "(1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary injunction is in the public interest." *Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013). "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir.2012) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir.2001)) (internal quotation marks omitted). *Carbajal v. Warner*, 561 F. App'x 759, 762 (10th Cir. 2014) (unpublished).

---

[2] Chief Judge Philip A. Brimmer referred the Motions to me. [*See* ##87 and 99.] The Court reviewed the Motions, briefs, and relevant case law and finds no hearing is necessary.

Additionally, some preliminary injunctions require a stronger showing by the movant. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2014) (en banc). They are "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). For these types of injunctions, "the movant must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (citations and quotations omitted).

### B. DISCUSSION

**1.     Motion for Hearing [#97]**

The Motion for Hearing requests a hearing on the Motion for Order. [*See* #97.] The Tenth Circuit has held that where a plaintiff "has failed to cite any Tenth Circuit authority that requires a district court to hold an evidentiary hearing prior to granting or denying a preliminary injunction motion . . ." the district court need not "hold an evidentiary hearing prior to disposition" of the motion. *Reynolds & Reynolds Co. v. Eaves,* 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir.1998); *see also Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000) ("An evidentiary hearing, however, is unnecessary to resolve these legal issues."). Holding an evidentiary hearing is otherwise left to the discretion of the district court. *Reynolds & Reynolds Co.*, 1998 WL 339465, at *3 (noting that "the district court is free to [hold an evidentiary hearing] within its own discretion.").

This case involves one claim for relief—a First Amendment retaliation claim. Plaintiff requests a hearing to "reveal the state actors are in fact lying to the Court intentionally to cause harm to Plaintiff and to fool this Court." [#97 at p. 3.] The lies he alleges Defendant made are unrelated to the merits of the Motion for Order and have no bearing on the Court's analysis of the preliminary-injunction factors in the context of the single claim relief involved in this case. [*See* # 97 at p. 1 (claiming Defendant lied when he said that "the state court ordered Plaintiff to undergo sex offender treatment, and that CDOC policy forbid Plaintiff's transfer to level 1 facility.").] Plaintiff has cited no Tenth Circuit authority that indicates a hearing is required, and the Court is unaware of any applicable legal authority. For these reasons and the fact that Plaintiff requests the hearing to litigate issues not presently before the Court, the Court finds that a hearing on the Motion for Order is unnecessary. *Cf. Shaw*, 213 F.3d at 545. The Court DENIES the Motion for Hearing.[3]

**2.     Motion for Order [#86]**

The Motion for Order seeks a mandatory injunction against the CDOC. [#86 at p. 34.] The CDOC is not a party to this case. [*See generally* #71.] Therefore, Plaintiff must overcome an additional hurdle to obtain the injunction: "not only must the motion advance considerations satisfying the traditional injunction factors noted above but those considerations must also constitute the appropriate circumstances . . . to justify issuing

---

[3] The denial of Plaintiff's Motion for Hearing should not be construed as a ruling on the veracity of Plaintiff's allegations concerning the alleged falsehoods. Though Plaintiff has attempted to bring these issues to the Court's attention, these issues are not currently postured in a manner allowing for court action or review.

4

an injunction against a non-party." *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005) (internal quotes omitted) (noting that a preliminary injunction against a non-party "heightens the hurdle that must be cleared to obtain the injunction."). The non-party must be "in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice" to constitute "appropriate circumstances" for issuing an injunction against a non-party. *Id.* at 799 (*quoting United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)). For example, an injunction requiring a non-party telephone company to assist the government's use of investigative pen registers has been deemed an "appropriate circumstance" for a non-party injunction. *Id.*

Plaintiff has not satisfied his burden. The injunction he seeks would neither prevent CDOC from frustrating a court order, nor would it facilitate the implementation of a court order, because the desired injunction has no bearing on any existing orders of the Court. Instead, the injunction he seeks would be a mandatory injunction directly against non-party CDOC requiring it to modify his sex offender classification code. This desired injunction similarly would not facilitate the proper administration of justice in this case, at least in part because the desired injunction is unrelated to any orders of this court. Indeed, the Motion for Order effectively seeks a consent decree between the parties while obligating a non-party to affirmatively act. [*See* #86 at Sections III and IV (arguing for an injunction obligating a non-party to affirmatively act and for dismissal of the case so long as Defendant agrees not to object to the injunction and the injunction is complied with by the non-party).]

Even assuming Plaintiff could traverse the initial hurdle involved with a non-party injunction, Plaintiff has failed to demonstrate the CDOC has been properly notified of Motion for Order. Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). And finally, the Motion for Order fails to address the requisite factors to obtain a preliminary injunction.

\* \* \*

For these reasons, IT IS ORDERED that the Motion for an Order Pursuant Fed. R. Civ. P. 65 [#86] ("Motion for Order") and Motion for Immediate Hearing on Doc. No. 86 [#97] ("Motion for Hearing") are DENIED.

DATED: June 24, 2020.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge