IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

　　　　Plaintiff,

v.

ROBERT CHARLES HUSS,

　　　　Defendant.

---

## ORDER

---

　　　　This matter is before the Court on plaintiff's Objection to Magistrate Order Doc. 73 [Docket No. 82] and Motion . . . to Overrule Magistrate Order ECF 118 and to Reassign the Case to a Different Magistrate [Docket No. 121].   The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.　BACKGROUND

　　　　On February 7, 2018, plaintiff, a prisoner in the custody of the Colorado Department of Corrections, filed this lawsuit against defendant Robert Charles Huss ("Huss"), an attorney in the Colorado Attorney General's Office.  Docket No. 1.[1] Plaintiff filed a first amended complaint.  Docket No. 12-1.  The magistrate judge recommended that all claims in the first amended complaint be dismissed without

---

[1] Because plaintiff is *pro se*, the Court reviews his filings liberally without acting as his advocate.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

prejudice save for a First Amendment retaliation claim against Huss, Docket No. 27, a recommendation which the Court adopted.  Docket No. 31.

After Huss filed a motion to dismiss the remaining claim against him, Docket No. 36, plaintiff filed a motion for leave to amend his complaint.  Docket No. 53.  On September 24, 2019, the Court entered an order granting in part and denying in part plaintiff's motion to amend.  Docket No. 71.  In the order, the Court found that the claims in the proposed second amended complaint would be futile except for the First Amendment retaliation claim against Huss.  *Id*.  The Court ordered plaintiff "to file a new version of the [proposed second] [a]mended [c]omplaint [Docket No. 53-1], omitting the claims excluded by this order and not including additional material regarding the claim for First Amendment retaliation against defendant Robert Huss." *Id*. at 18-19.  Plaintiff did not file an amended complaint.  Instead, he filed a motion to alter or amend the Court's dismissal order to allow him to proceed with various claims the Court dismissed.  Docket No. 79.  Magistrate Judge S. Kato Crews subsequently ordered plaintiff to file an amended complaint that complied with Docket No. 79 by May 26, 2020.  Docket No. 113.  Plaintiff did not file an amended complaint by the deadline. On June 5, 2020, "[i]n the interest of efficiency," Magistrate Judge Crews ordered plaintiff's proposed second amended complaint, Docket No. 53-1, accepted as the operative complaint as amended by Docket No. 71.  Docket No. 118.  On June 15, 2020, plaintiff filed a motion asking the Court to overrule this order, which the Court construes as an objection.  Docket No. 121.  On June 24, 2020, Magistrate Judge

Crews denied plaintiff's motion to alter or amend the Court's dismissal order.  Docket No. 126.

Meanwhile, on September 18, 2019, plaintiff filed a motion to reassign this case (and others to which plaintiff is a party) to different judicial officers.  Docket No. 69.  As relevant here, plaintiff alleges that an attorney in the Colorado Attorney General's Office ("CDOC counsel") "admitted to illegal, ex parte communication" with Magistrate Judge Crews in connection with another one of plaintiff's cases before this Court, 17-cv-01580-PAB-SKC.  *Id*. at 2-3.  On October 2, 2019, Magistrate Judge Crews denied the motion.  Docket No. 73.  In the order, Magistrate Judge Crews explained that, because plaintiff was represented by counsel in that case, CDOC counsel contacted Magistrate Judge Crews' chambers related to a discovery dispute – in accordance with his practice standards – and spoke to one of Magistrate Judge Crews' law clerks.  *Id*. at 4; *see* SKC Civ. Prac. Standards § E.3.c.  At no point were the substance or merits of the discovery dispute discussed during the call.  *Id*.  Magistrate Judge Crews concluded that there was "no basis for recusal" under these circumstances.  *Id*. at 6.  On October 21, 2019, plaintiff filed an objection.  Docket No. 82.

## II.   OBJECTIONS

When reviewing magistrate judge orders on non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed R. Civ. P. 72(a).  "The clearly erroneous standard [for reviewing a decision of a magistrate judge] requires that the reviewing court affirm unless it on the entire evidence is left with the

3

definite and firm conviction that a mistake has been committed." *Fish v. Kobach*, 267 F. Supp. 3d 1297, 1301 (D. Kan. 2017).

### A.   Motion to Reassign

In Docket No. 69, plaintiff moved for "immediate reassignment" of this case to different judicial officers, without citation to any underlying authority.[2]  The magistrate judge construed the motion as a motion to recuse pursuant to 28 U.S.C. § 455(b)(1). Docket No. 73 at 6.  The test in such a motion is whether "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988).  Magistrate Judge Crews carefully laid out the relevant facts in this case and concluded that no reasonable person would harbor doubts about his impartiality.  *See* Docket No. 73 at 3-6.

Plaintiff objects to the order, arguing that any phone call placed by one party's counsel to a judge's chambers is an *ex parte* communication that requires a judicial officer's recusal.  Docket No. 82 at 3-4.  This objection fails.  First, plaintiff provides no evidence that the phone call placed by CDOC counsel occurred as he describes. Plaintiff says that his counsel told him that defense counsel told him that he spoke directly with Magistrate Judge Crews.  In a motion for recusal pursuant to 28 U.S.C. § 455, a court is not required to accept a party's factual allegations as true, and the Court will not do so where plaintiff's allegations consist of hearsay piled upon hearsay.

---

[2] The Court has rejected plaintiff's previous motion to recuse the Court from this case.  *See* Docket No. 105.  To the extent that this motion could be construed as another attempt to recuse the Court from this case, the motion is denied for the same reasons stated in Docket No. 105.

Plaintiff's objection invites the Court to speculate as to what may have been discussed on the call. *See, e.g.*, Docket No. 82 at 4. Such an argument does not entitle plaintiff to relief. *See Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1095 (10th Cir. 2010) ("Mere speculation" that a judge was affected by an ex parte contact "does not warrant relief or further investigation."). Second, plaintiff identifies no statute, local rule, or practice standard that states that a call placed to a judicial officer's chambers – not to the judicial officer – is *per se* an *ex parte* communication. *See* D.C.COLO.LCivR 77.2 ("[A]n attorney in a proceeding shall not communicate directly about the proceeding in any manner *with a judicial officer* assigned to the proceeding.").[3] It is far from uncommon for parties to contact chambers and speak with a judicial assistant or a law clerk, and such communications are not prohibited unless "the court's impartiality may be compromised by the communication itself." *See Kaufman*, 601 F.3d at 1095. There is no indication that the phone call affected Magistrate Judge Crews' impartiality in presiding over the *Tiona* matter or this matter. Accordingly, the Court concludes that the magistrate judge's order was not clearly erroneous or contrary to law, and overrules plaintiff's objection.

---

[3] Plaintiff points out, correctly, that Magistrate Judge Crews' Practice Standards require counsel to call his chambers *jointly* in the event of a discovery dispute, and it is undisputed that CDOC counsel did not call with plaintiff's counsel. *See* SKC Civ. Prac. Standards § E.3.c; Docket No. 73 at 4. However, the Court does not fault CDOC counsel for calling the magistrate judge's chambers for guidance here, given that CDOC counsel had been unable to reach plaintiff's counsel despite "several attempts" to do so. Docket No. 73 at 4.

### B.   Accepting the Operative Complaint

Plaintiff next objects to Magistrate Judge Crews' order accepting Docket No. 53-1 as amended by Docket No. 71 as the operative complaint in this matter. *See* Docket No. 118. Plaintiff contends that the magistrate judge "lacks authority" to issue this order and that it is "overruling and/or refusing to comply with" this Court's orders. Docket No. 121 at 4, 6.

The core issue here is plaintiff's misunderstanding of Docket No. 71, the Court's order on plaintiff's motion to amend the complaint. *See* Docket No. 121 at 2 (plaintiff's admission that he "truly did not understand the order"). In that order, the Court allowed plaintiff to proceed with the retaliation claim against Huss outlined in the proposed second amended complaint, but concluded that all other claims were futile. *See* Docket No. 71. Accordingly, the Court *granted in part* plaintiff's motion to amend. *See id.* at 18. *But see* Docket No. 121 at 7 (plaintiff's contention that Docket No. 71 wholly "rejected" the proposed amended complaint). In order to have a clean version of the second amended complaint to work with, the Court ordered plaintiff to file a "new version" of the proposed second amended complaint, "omitting the claims excluded by this order and not including additional material." *See* Docket No. 71 at 18-19. By "not including additional material," the Court communicated to plaintiff that he should not view this as an opportunity to include additional allegations against Huss not included in the proposed second amended complaint. Plaintiff, however, believed the order to be unclear. *See* Docket No. 121 at 2. Plaintiff interpreted the order to direct him to either "remove the materials Huss admitted to in Court" or "omit claim[s] excluded but

not the additional materials against Huss." *See id*.  However, rather than comply with the Court's order or ask for clarification, plaintiff took no action to file a compliant second amended complaint.[4]

The magistrate judge's decision to accept Docket No. 53-1, as modified by Docket No. 71, as the second amended complaint, is entirely consistent with the Court's order in Docket No. 71 – allowing plaintiff to proceed with the claim in that complaint against Huss, but no other.  Plaintiff's objection does not identify how this order prejudices him.  Plaintiff was twice directed to file a complaint in line with the Court's order.  *See* Docket No. 71 at 18-19; Docket No. 113.  He did not do so. Magistrate Judge Crews was well within his authority in accepting Docket No. 53-1 as the operative complaint in order to move forward with this case.[5]  Accordingly, the Court concludes that the magistrate judge's order was not clearly erroneous or contrary to law, and overrules plaintiff's objection.

## III.   CONCLUSION

For the foregoing reasons, it is

---

[4] Plaintiff suggests that his delay in filing an amended complaint is solely due to what he contends is delay by the magistrate judge in addressing his motion to alter or amend Docket No. 71.  Docket No. 121 at 7.  Plaintiff offers no support for the proposition that a motion for reconsideration of a Court's prior order has the effect of staying that order or relieving a party's obligations to comply with the order until the motion is resolved.  The only effect of plaintiff's motion would be that, if the Court granted the motion, the claims would be added back to the case.

[5] To the extent that this objection could be construed as another motion to recuse Magistrate Judge Crews, the motion is denied for the reasons discussed earlier in this order.  *See also Kennedy v. Meacham*, 540 F.2d 1057, 1060 (10th Cir. 1976) (holding that "averments of delays or omissions by the Judge [do not] show grounds for him to recuse").

**ORDERED** that plaintiff's Objection to Magistrate Order Doc. 73 [Docket No. 82] is **OVERRULED**.  It is further

**ORDERED** that plaintiff's Motion . . . to Overrule Magistrate Order ECF 118 and to Reassign the Case to a Different Magistrate [Docket No. 121], construed as an objection, is **OVERRULED**.


DATED August 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge