IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ROBERT CHARLES HUSS,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Report and Recommendation [Docket No. 127] of Magistrate Judge S. Kato Crews dated June 24, 2020 (the "recommendation").[1] Magistrate Judge Crews recommends that the Court deny plaintiff's Motion for an Order Pursuant to Fed. R. Civ. P. 65 [Docket No. 86] (the "motion for injunctive relief"). In the same order, Magistrate Judge Crews denied plaintiff's Motion for Immediate Hearing [Docket No. 97] (the "motion for hearing"). Plaintiff filed written objections.[2] Docket No.

---

[1] Magistrate Judge Crews initially issued the recommendation as an order denying Docket No. 86. After plaintiff correctly objected on the basis that a magistrate judge may not issue an order on a motion pursuant to Fed. R. Civ. P. 65, *see* Docket No. 142, Magistrate Judge Crews corrected Docket No. 127 to be a recommendation as to Docket No. 86. Docket No. 143.

[2] Objections must be filed within fourteen days of being served with a copy of the order or recommendation. *See* Fed. R. Civ. P. 72(a) and (b)(2). Plaintiff represents that he was initially mailed just a portion of the order and did not receive the full order until July 16, 2020. *See* Docket No. 142 at 1. The Court deems the objections timely filed.

142. Because plaintiff proceeds *pro se*, the Court construes his filings liberally without acting as his advocate. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. BACKGROUND

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections. Docket No. 71 at 2.[3] Plaintiff claims that he received an offense-specific evaluation ("OSC") that contained errors, which CDOC relied upon in assigning plaintiff an "S Code" of S-5-i. *Id*. Plaintiff alleges that this erroneous S Code has subjected him to illegal consequences, including ineligibility to transfer to lower-security facilities. *Id*.

While attempting to obtain a change to his S code and transfer to a lower-security facility, plaintiff participated in a settlement conference in *Vreeland v. Tiona*, No. 17-cv-01580-PAB-SKC. Present during the conference were two attorneys in the Colorado Attorney General's Office, Kristin Ruiz and defendant Robert Huss. *Id*. at 3. During that settlement conference, Vreeland offered to dismiss his claims if Ruiz would help speed up his S Code change. *Id*. Three days later, plaintiff claims that a "source employed by the CDOC" informed plaintiff that Huss sent emails and made phone calls to interfere with plaintiff's S Code change and facility transfer. *Id*. CDOC subsequently informed plaintiff that he would not be granted an S Code change or facility transfer, among other things. *Id*.

Plaintiff filed this lawsuit on February 7, 2018. Docket No. 1. The operative complaint, Docket No. 53-1 as amended by Docket No. 71, brings one claim against Huss for First Amendment retaliation. While the case has been pending, plaintiff has

---

[3] Background in this section is drawn from the Court's order on plaintiff's motion to amend his complaint. Docket No. 71.

sought to reach a settlement that would (among other things) lead to his desired S Code change. *See* Docket No. 55 (motion to engage in alternative dispute resolution); Docket No. 81 (settlement offer). On October 24, 2019, defendant notified the Court that he "does not believe that settlement is possible," in part because CDOC, not defendant, has power over the classification of inmates. Docket No. 85 at 2.

On October 30, 2019, plaintiff filed the motion for injunctive relief. Docket No. 86. Plaintiff states that he has "come up with a way where the Court can issue an order, and if the defense does not object to the order . . . this matter can be closed." *Id*. at 2. Plaintiff requests that the Court issue a mandatory injunction ordering CDOC to change plaintiff's S Code from S-5-i to S-5-L, at which point plaintiff would agree to dismissal of this civil action with prejudice. *Id*. at 4. Plaintiff attached two exhibits which he contends prove his entitlement to an S Code change. *Id*. at 7-9. In response, defendant indicated that he objected to the proposed order, noting that he "has no power to agree to bind CDOC" and asserting that plaintiff's claims are "neither true nor actionable." Docket No. 94 at 5. Defendant also indicated that, "if CDOC were a party to this lawsuit," it "would reject [plaintiff's] proposed settlement offer outright." *Id*. Defendant's response included an affidavit from CDOC litigation coordinator Adrienne Jacobson. Docket No. 94-1. As relevant here, Ms. Jacobson's affidavit stated that plaintiff "was required by court order to undergo [s]ex [o]ffender [t]reatment." *Id*. at 2, ¶ 7.

On December 16, 2019, plaintiff filed the motion for hearing. Docket No. 97. Plaintiff contends that the representation that he had been ordered to undergo sex offender treatment was false and made with intent to deceive the Court. *Id*. at 1.

3

Plaintiff requests that defendant, defendant's counsel, and Ms. Jacobson be "called before the Court" to explain "why they have falsely asserted state court orders exist[] that do not in an attempt to win a civil case." *Id*. at 3.

On June 24, 2020, Magistrate Judge Crews issued the recommendation. Docket No. 127. As to the motion for injunctive relief, Magistrate Judge Crews concluded that plaintiff had failed to satisfy his burden to obtain mandatory injunctive relief against a non-party, CDOC. *Id*. at 5. Magistrate Judge Crews also found that the motion failed to address the requisite factors to obtain a preliminary injunction and that plaintiff failed to show that CDOC, a non-party, had notice of the motion. *Id*. at 6. As to the motion for hearing, Magistrate Judge Crews concluded that the statements alleged by plaintiff to be false are unrelated to the merits of either the motion for injunctive relief or the sole claim in this case, a First Amendment retaliation claim. *Id*. at 4. Although originally titled as an order, as discussed above, Magistrate Judge Crews later clarified that Docket No. 127 is a recommendation as to Docket No. 86 and an order as to Docket No. 97. Plaintiff filed objections. Docket No. 142.

## II.  ANALYSIS

As an initial matter, the Court briefly addresses three general objections made by plaintiff: (1) Magistrate Judge Crews "failed to 'promptly' address and resolve" the motions, (2) Magistrate Judge Crews "fails to liberally construe" plaintiff's pleadings, and (3) Magistrate Judge "does not know what the case or motion of facts truly are." Docket No. 142 at 7-8. These objections fail because plaintiff does not explain why, even if the objections are accurate, they would alter the legal analysis applied by the

4

magistrate judge. Thus, these objections are not a basis to overturn either the motion for injunctive relief or the motion for hearing.[4]

The Court turns to those objections that are specific to each motion.

### A.   Motion for Injunctive Relief

The Court will "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

To obtain a preliminary injunction, "the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Plaintiff must make a "heightened showing of the four factors," *id.*, because he seeks a disfavored mandatory injunction – his request for relief would "alter the status quo" by requiring defendant to take affirmative actions. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005); *see also Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (holding that plaintiff must make a "strong showing" in order to obtain an injunction that "mandates action"). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics*

---

[4] Similarly, plaintiff alleges that the magistrate judge is denying him "due process of law." *See* Docket No. 142. That allegation lacks foundation.

*USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quotations and citation omitted).

Plaintiff's proposed injunctive relief would require CDOC, a non-party,[5] to take an affirmative action by changing plaintiff's S Code. See Docket No. 86. An injunction against a non-party is appropriate only where the non-party is "in a position to frustrate or facilitate the implementation of a court order or the proper administration of justice." *Andrews v. Andrews*, 160 F. App'x 798, 799 (10th Cir. 2005) (unpublished) (quoting *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977)) (brackets omitted). The magistrate judge concluded that plaintiff failed to demonstrate that CDOC was in such a position. See Docket No. 127 at 5 (noting that "the desired injunction has no bearing on any existing orders of the Court"). The magistrate judge also concluded that the motion failed because (1) plaintiff failed to demonstrate that CDOC has been notified of the motion for injunctive relief and (2) plaintiff failed to address the factors necessary to obtain a preliminary injunction. See *id*. at 6.

Plaintiff's only specific objection to this analysis relates to the determination that CDOC had not been notified of the motion for injunctive relief. See Docket No. 142 at 6. The Court agrees with plaintiff on this point. A preliminary injunction may only be issued "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Although neither CDOC nor CDOC officials were parties to the case at the time plaintiff filed the motion for injunctive relief, it is evident from the affidavit in response to the motion provided by

---

[5] Although plaintiff attempted to add Jay Kirby, CDOC's inspector general, as a defendant, the Court rejected that attempt before plaintiff filed the motion for injunctive relief. See Docket No. 71.

Ms. Jacobson, CDOC's litigation coordinator, that CDOC had notice of the motion for injunctive relief. *See* Docket No. 94-1.

Plaintiff's objection does not, however, address the other, independent rationales relied upon by the magistrate judge. Plaintiff does not appear to object to the determination that he has failed to show that an injunction would be appropriate against CDOC. And even assuming *arguendo* that a mandatory injunction would be appropriate against non-party CDOC, plaintiff's motion makes no showing of the factors necessary to obtain a preliminary injunction. *See* Docket No. 86 at 4.[6] For example, the motion does not explain why the documents attached to the motion show that he has a likelihood of success on the merits of his retaliation claim against defendant and that this would entitle him to an S Code change. Plaintiff contends that the exhibits attached to the motion prove that his S Code should be "S-5-L" rather than "S-5-i." Docket No. 86 at 3. However, the exhibits do not appear to support this. The first exhibit indicates that, during an evaluation in 2014, a clinician determined that plaintiff was at "low risk" of committing another sexual offense. *See* Docket No. 86 at 7. The second exhibit explains how CDOC assigns offenders their S Codes. *See id*. at 8-9. The "L" code is given to an offender who is a "low resource priority . . . at the current time." *See id*. at 9. In reaching that determination, the classification team "evaluate[s] factors that may indicate continuing or diminished risk." *See id*. Nothing in the second exhibit indicates to the Court that a finding by a clinician that plaintiff is in a "low risk"

---

[6] In his motion, plaintiff acknowledged that his proposed order should only be entered if defendant and CDOC do not object. *See* Docket No. 86 at 2, 4. Defendant and CDOC both objected. *See* Docket No. 94.

7

category for committing another sexual offense means that he is automatically entitled to a "L" code.[7] Accordingly, plaintiff's right to relief is not "clear and unequivocal," and the Court agrees with the magistrate judge that the motion for injunctive relief should be denied. *See Beltronics USA*, 562 F.3d at 1070.

### B. Motion for Hearing

The motion for hearing is a non-dispositive motion. When reviewing magistrate judge orders on non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a). "The clearly erroneous standard [for reviewing a decision of a magistrate judge] requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Fish v. Kobach*, 267 F. Supp. 3d 1297, 1301 (D. Kan. 2017).

In the motion, plaintiff requested an immediate hearing on his motion for injunctive relief based on what he claims are knowing and false misrepresentations made in defendant's response to the motion; specifically, that (1) the state court never ordered plaintiff to undergo sex offender treatment, and (2) CDOC policy forbids plaintiff's transfer to a lower-security facility. Docket No. 97 at 1. The magistrate judge

---

[7] Moreover, the second exhibit indicates that plaintiff's current code, "i" (for "ineligible"), is assigned to offenders who have "more than four years to his/her parole eligibility date." *Id*. at 8. This seems to be appropriate for plaintiff. Defendant represents that plaintiff is serving forty-eight years in prison on some of his convictions and 24 years to life on others, *see* Docket No. 94 at 3, and the CDOC website indicates that plaintiff's parole eligibility date is in 2144, or approximately 124 years from now. Thus, it appears that plaintiff falls squarely within the criteria for an "i" code, not an "L" code.

denied the motion for hearing, concluding that the alleged misrepresentations are unrelated to the merits of plaintiff's motion for injunctive relief.  Docket No. 127 at 3-4.  Plaintiff objects on the bases that (1) it was error to not "appl[y] whatever legal authority which existed to order a hearing" and (2) the alleged misrepresentations were the "only legal argument and position" offered by the defendant in opposition to his motion.  Docket No. 142 at 8.  Plaintiff argues that the magistrate judge's decision "allows lies by the state to stand."  *Id*.

The Court will overrule the objections.  First, it was not clear error for the magistrate judge to construe plaintiff's motion as requesting a hearing on the motion for injunctive relief.  Plaintiff described the motion for hearing as a "motion for immediate hearing on [the motion for injunctive relief]."  *See* Docket No. 97 (title of motion).  In his objections, plaintiff does not identify any other basis to hold a hearing, relying on the assertion that the magistrate judge should apply "whatever legal authority which existed."  *See* Docket No. 142 at 8.  Even construing plaintiff's filings liberally, the Court is not persuaded that the magistrate judge erred by not *sua sponte* considering other possible sources of authority to hold a hearing on the factual representations contained in the motion.  That would be acting as plaintiff's advocate, which is impermissible.  *See Hall*, 935 F.2d at 1110.

Second, the magistrate judge correctly applied the legal standard for holding a hearing on a Fed. R. Civ. P. 65(a) motion.  *See* Docket No. 127 at 3.  Because "the Tenth Circuit does not require the court to hold such a hearing where one is unnecessary," the question is whether a hearing on the alleged misrepresentations was necessary in order to rule on the motion for injunctive relief.  *See Nellson v. Barnhart*,

9

No. 20-cv-00756-PAB, 2020 WL 3000961, at *5 (D. Colo. June 4, 2020) (declining to hold a hearing where resolution of factual dispute was not necessary to rule on the motion). As discussed, it is the moving party's burden to demonstrate entitlement to injunctive relief, and both the magistrate judge and this Court agree that plaintiff did not come close to meeting that burden, setting aside anything stated by defendant about sex offender treatment or CDOC policy on transfers in his response. Thus, because evaluation of the alleged misrepresentations was not necessary in order to rule on the motion for injunctive relief, it was not clear error for the magistrate judge to determine that no hearing was necessary.

Third, that the magistrate judge declined to hold a hearing on plaintiff's allegations does not mean that he sanctioned lies by defendant and his counsel. The recommendation specifically states that the magistrate judge is not "ruling on the veracity of [p]laintiff's allegations" because such allegations "are not currently postured in a manner allowing for court action or review." See Docket No. 127 at 4. The magistrate judge is not a roving fact-finder. While plaintiff believes that defendant lied in its response to the motion for injunctive relief, the alleged lies played no role in the magistrate judge's disposition of the motion. See id. at 5-6. Assuming that this case proceeds to discovery,[8] plaintiff will have an opportunity to test the veracity of defendant's statements through discovery, and the parties will be able to marshal whatever evidence is necessary to resolve plaintiff's sole claim in this case, which is a First Amendment retaliation claim against Huss.

---

[8] Defendant has filed a motion to dismiss, and the magistrate judge has stayed discovery pending its resolution. See Docket No. 146.

As none of plaintiff's objections demonstrate that the disposition of the motion for hearing was clearly erroneous or contrary to law, the Court will overrule all of plaintiff's objections.

## III.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Report and Recommendation [Docket No. 127] of Magistrate Judge S. Kato Crews dated June 24, 2020 is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's Motion for an Order Pursuant to Fed. R. Civ. P. 65 [Docket No. 86] is **DENIED**.  It is further

**ORDERED** that plaintiff's Objection to Magistrate Order [Docket No. 142] is **OVERRULED**.

DATED August 19, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge