IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00303-PAB-SKC

DELMART E.J.M. VREELAND, II,

        Plaintiff,

v.

ROBERT CHARLES HUSS,

        Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff's Motion for Stay Pending Conclusion of Appeal (the "motion") [Docket No. 157], filed on October 13, 2020.  On August 21, 2020, plaintiff filed a notice of appeal to the Tenth Circuit of the Court's August 10, 2020 order.  Docket No. 151.  On October 13, 2020, plaintiff filed a corrected/amended notice of appeal identifying the correct docket number being appealed.  Docket No. 158.  Defendant has not filed a response to the motion for stay.

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections ("CDOC").[1]  Docket No. 71 at 2.  Plaintiff claims that the CDOC gave him an offense-specific evaluation that contained errors.  *Id.*  CDOC relied upon the evaluation when it assigned him an "S-Code" of S-5-i.  *Id.*  He alleges that the erroneous S Code has subjected him to illegal consequences, including ineligibility to transfer to lower-security facilities.  *Id.*

---

[1] Background in this paragraph is drawn from the Court's order on plaintiff's motion to amend complaint.  Docket No. 71.

Plaintiff filed this lawsuit on February 7, 2018.  Docket No. 1.  The operative complaint, Docket No. 53-1, as amended by the Court's September 24, 2019 order, Docket No. 71, brings one claim against defendant for First Amendment retaliation.  On October 30, 2019, plaintiff filed a motion for injunctive relief pursuant to Fed. R. Civ. P. 65, asking the Court to order CDOC to immediately change plaintiff's S Code from S-5-i to S-5-L.  Docket No. 86.  On June 24, 2020, the assigned magistrate judge, Judge S. Kato Crews, entered an order denying the motion.  Docket No. 127.  Judge Crews later clarified that his order should appropriately be considered a recommendation as to the motion.  Docket No. 143.  On July 21, 2020, plaintiff filed an objection.  Docket No. 142. On August 19, 2020, the Court accepted the recommendation of the magistrate judge and denied plaintiff's motion.  Docket No. 147.  On October 13, 2020, plaintiff filed a motion to stay pending appeal,[2] Docket No. 157, and a correction identifying Docket No. 147 as the appealed order.  Docket No. 158.

A motion for stay pending appeal is governed by the same standards applicable to preliminary injunction motions.  *See Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council*, *Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff did not address the above-referenced factors in his motion to stay, and only supported his motion with a reference to judicial economy.  Docket No. 157.  The

---

[2] Discovery in this case is currently stayed pending resolution of defendant's motion to dismiss.  Docket No. 146.

Court denied plaintiff's original motion for injunctive relief because he failed to address the four factors necessary to obtain a preliminary injunction and failed to show that an injunction against CDOC, a non-party, was appropriate.  Docket No. 147 at 7.  Because plaintiff has once again failed to address the factors for a preliminary injunction, *see* Docket No. 157, the Court finds he has not met his burden.

Moreover, the Court finds that plaintiff's appeal does not divest the Court of jurisdiction.  "Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction, in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits." *Free Speech v. Fed. Election Comm'n*, 720 F. 3d 788, 791 (10th Cir. 2013) (quoting *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982)).  Therefore, it is

**ORDERED** that plaintiff's Motion to Stay Pending Conclusion of Appeal [Docket No. 157] is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion for Actual Ruling on 157 Motion to Stay Pending Conclusion of Appeal [Docket No. 163] is **DENIED as moot**.

DATED December 4, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge