IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00303-PAB-SKC

**DELMART E.J.M. VREELAND, II**,

      Plaintiff,

v.

**ROBERT CHARLES HUSS**,

      Defendant.

---

**ORDER AND RECOMMENDATION RE: PLAINTIFF'S
MOTION FOR HEARING/CONFERENCE**

---

This order addresses Plaintiff, Delmart E.J.M. Vreeland, II's, Motion for Hearing/Conference ("Motion") [#200.] Chief Judge Brimmer referred the Motion to the Magistrate Judge. [#201.] The Court has considered the Motion and related briefing. No hearing is necessary. For the reasons stated herein, the Court DENIES the Motion, and further RECOMMENDS this matter be administratively closed.

### A.    Background

Plaintiff is a *pro se* prisoner who, on May 20, 2021, was transferred from the Colorado Department of Corrections ("CDOC") to the Wyoming Department of Corrections ("WDOC"). [#203, p.1.] Plaintiff filed the Motion on June 4, 2021, seeking an immediate hearing on all his cases pending in this District because of the "seizure

1

of all legal files, law books, typewriter, and transfer out of (*sic*) State of Colorado for refusing to dismiss all cases." [#200, p.1.] The Motion also sought a stay of all proceedings. [*Id.*]

The Court ordered Defendant to respond and "specifically address Plaintiff's allegations regarding the circumstances surrounding his transfer and the seizure of his belongings." [#202.] Defendant responded on June 21, 2021. [#203.] There, Defendant denied Plaintiff's transfer was in retaliation for refusing to settle his pending lawsuits. [*Id*. p.2.] Instead, Defendant explained Plaintiff's transfer occurred because of Plaintiff's repeated objections to his placement in general population in various CDOC facilities. [*Id.*] Defendant further explained the interstate transfer to Wyoming had been in the works since March 2020, it was delayed as a result of the COVID-19 pandemic, and it was reinitiated in April and May 2021. [*Id*. pp.2-3]

Regarding Plaintiff's personal property, Defendant asserts Plaintiff's property was "secured and transferred to WDOC with him." [*Id.*] In support, Defendant provided photographs and a video showing Plaintiff's items being packed and placed on the truck with him to Wyoming. [#201.] Defendant further states Plaintiff was expected to receive his property in accordance with WDOC's procedures and protocols. [*Id*. p.3.] Based on Defendant's Response, the Court granted Plaintiff leave to reply on or before July 9, 2021. [#205.]

On July 23, 2021, Plaintiff sent the Court a 52-pound box containing various documents ("Exhibit A"). [#213, p.2.][1] Before sending Exhibit A back to Plaintiff, the Court discovered in its contents: (1) Plaintiff's reply brief in support of his Motion [#213]; and (2) a motion seeking leave to exceed the prescribed page limit. [#211.] These two items were docketed on July 28, 2021.

In his 30-page Reply, Plaintiff details his transfer from the CDOC to WDOC, his belief the transfer was retaliatory, the alleged illegality of the transfer, and allegations CDOC Defendants lied in their sworn affidavits. [#213, pp. 2,4-13.] Regarding his personal property, Plaintiff asserts he originally filed his Motion to inform the Court that "3/4" of his legal materials "mysteriously vanished." [*Id.* p.3.] In his Reply, Plaintiff explains WDOC lost his personal property, including his legal papers, when they accidently became commingled with another inmate's items.[2] Because of this, Plaintiff claims he "no longer has the legal files necessary to litigate [his] current cases." [*Id.* p.18.] Plaintiff sent Exhibit A in order for the Court to "compare the defense exhibits and statements to the actual documents in Ex[hibit] A." [*Id.* p.2.]

### B.   Discussion

---

[1] Plaintiff claims Exhibit A contains the entirety of his legal documents.
[2] Plaintiff clarifies CDOC did not engage in any "wrongdoing as to the legal property," but he faults CDOC and Defendant Dauffenbach for the transfer that led to his lost items. [#213, p. 18.]

As an initial matter, the Court in its discretion declines to conduct an *in camera* review of Exhibit A. *See Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 35 (D. Kan. 1996) ("In camera procedures should be a rare procedure . . .[s]uch a procedure requires a great deal of a court's time and energy. . . .") The Court finds such an endeavor unnecessary and irrelevant given Plaintiff's statements that WDOC commingled his items with another inmate leading to them being lost. [*See* #213, pp.17-18.] Therefore, the Clerk is ORDERED to return Exhibit A to Plaintiff.[3]

The Court also notes Plaintiff's Reply contains various allegations against Colorado state actors, including retaliation, illegal transfer, property damage, and making false statements to the Court. However, these allegations are subsumed in Plaintiff's newest lawsuit (case no. 21-cv-01684-GPG) filed on June 18, 2021. Thus, the Court need not address them here. Plaintiff also asserts allegedly unconstitutional conditions of confinement against WDOC, including no access to the law library, lack of medical care, inability to communicate with family and legal counsel, and unwarranted discipline. But the Court has no jurisdiction over the WDOC, nor has Plaintiff established any requisite jurisdiction.

Along these lines, the Court sees no need for a hearing. This is especially true when considering the lack of recourse available to Plaintiff from this Court concerning Wyoming's handling of his legal materials. Plaintiff initially requested

---

[3] It should be emphasized that, other than the clerk's office having extracted the motion for leave to exceed the page limit and the reply, this Court has not reviewed nor retained any of the documents included in the box identified as Exhibit A.

4

the hearing to inform the Court of his inability to prosecute his cases due to missing documents. In his Reply, Plaintiff admits WDOC, and not CDOC, lost his items. And claims he is unable to litigate his cases as a result. Accordingly, the Court DENIES Plaintiff's Motion to the extent it seeks a hearing.

Plaintiff's Motion also requests a stay on all "required Plaintiff (*sic*) pleadings, responses, replies" claiming that he did not have the "means to litigate [his] cases." [#200, p.1 and #213, p.3.] In light of Plaintiff's lost legal documents and his stated inability to litigate his cases, it appears Plaintiff's prosecution of this case is untenable at this time. Moreover, it is unclear when Plaintiff may be able to resume the ability to pursue this action. Entry of a stay may thus be proper. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

But rather than stay this case indefinitely, however, the Court recommends the case be administratively closed pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause. *See Quinn v. CGR*, 828 F.2d 1463, 1465 and n. 2 (10th Cir. 1987) (construing administrative closure as the practical equivalent of a stay). Good cause to reopen this case will be found to exist when Plaintiff can demonstrate he is able to fully prosecute this case and comply with deadlines. The Court notes the parties are in the middle of discovery, which is slated to close November 15, 2021, with dispositive motions due a month later. Given these quickly approaching

5

deadlines, the Court concludes administrative closure best supports judicial efficiencies. Further, a trial date has not yet been set. As a result, any temporary closure of the case will not interfere with dates already set aside on the District Judge's calendar, and will prevent this case from getting stale on the Court's docket.

For the reasons stated above, the Court DENIES Plaintiff's Motion as it relates to a request for hearing and RECOMMENDS the file be administratively closed pending a showing of good cause.

DATED: August 10, 2021.

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge

\*   \*   \*

**Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.** *United States v. Raddatz*, **447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings <u>and legal conclusions</u> of the Magistrate Judge that are**

6

accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).