IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-0303-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ROBERT CHARLES HUSS,

    Defendant.

---

**ORDER**

---

## I. INTRODUCTION

This matter is before the Court on that portion of the Order and Recommendation re: Plaintiff's Motion for Hearing/Conference of Magistrate Judge S. Kato Crews (the "recommendation") [Docket No. 215] that recommends administratively closing this case.[1] The background facts are set forth in the recommendation and will not be repeated here, except as relevant to ruling on the recommendation. The magistrate judge recommends that the Court administratively close this case until plaintiff can demonstrate he is able to fully prosecute this case and comply with

---

[1] The order also denied plaintiff's request for a hearing on all of plaintiff's cases pending in this district. Docket No. 215 at 1-2. Plaintiff filed a motion for reconsideration of the order denying a hearing. Docket No. 217 at 2. The magistrate judge denied plaintiff's motion for reconsideration of the denial of plaintiff's proposed hearing, but did not review the recommendation for administrative closure. Docket No. 223. The portion of the order denying a hearing is not before the Court and will not be considered.

deadlines. Docket No. 215 at 5. Plaintiff previously stated he cannot prosecute his case because he does not have necessary legal materials. *Id.* Plaintiff mailed a box of legal materials to the Court in support of a motion. *Id.* at 3. On September 16, 2021, the assigned magistrate judge gave plaintiff until October 15, 2021 to accept the return of the box to him or to make arrangements for the box to be retrieved from the Court. *See* Docket No. 224. On October 22, 2021, plaintiff provided an address of a friend or family member to which the box could be sent. Docket No. 230 at 2.

In regard to the recommendation to administratively close this case, plaintiff filed an objection. Docket No. 217 at 1. Defendant also filed an objection to the recommendation of administrative closure. Docket No. 219 at 1. Plaintiff subsequently filed a response to defendant's objection stating that, "after thought and reading cases on administrative closure," plaintiff agrees that the case should be administratively closed. Docket No. 220 at 2. Plaintiff has now filed a motion requesting that the case be placed back on "active status" as he "can now litigate th[is] case[]." Docket No. 244 at 1.

## II.  LEGAL STANDARD

Generally, district courts review magistrate judges' orders regarding non-dispositive motions under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573, (1985). A district court must affirm a magistrate judge's decision unless, "on the entire

evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). The Court will review the recommendation that the case be closed for clear error based on defendant's objection. The Local Rules allow the Court to enter an administrative closure of a civil action "subject to reopening for good cause". D.C.COLO.LCivR 41.2. Administrative closure of a case terminates pending motions. *Id.*

### III. ANALYSIS

The magistrate judge recommends administratively closing this case until plaintiff demonstrates that he can prosecute this case and comply with deadlines. Docket No. 215 at 5. The recommendation observes that plaintiff's motion asserted that legal documents, different from the ones plaintiff mailed to the Court, have been lost by the Wyoming Department of Corrections after plaintiff was transferred from Colorado to Wyoming. *Id.* Additionally, plaintiff requested a stay of the deadlines in the case because he could not litigate the case without these legal documents. *Id.* The recommendation states that plaintiff's ability to litigate this case appears to be impossible because of plaintiff's lack of access to the documents. *Id.* The recommendation observes that it is unclear when plaintiff will be able to litigate this action. *Id.* Defendant opposes administrative closure because defendant believes plaintiff can litigate this case based on his filings after the recommendation, defendant would be burdened by further delay in this case, administrative closure would

inconvenience the Court, non-parties have an interest in the continuation of the case, and the public interest is not served by closing this case. Docket No. 219 at 7-11.

The circumstances have changed since the recommendation was issued. Plaintiff now states he is able to litigate his case. Docket No. 244 at 1.

Because the circumstances in this case have changed, the Court will decline to adopt the recommendation to administratively close this case.

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that the portion of the Order and Recommendation re: Plaintiff's Motion for Hearing/Conference of Magistrate Judge S. Kato Crews [Docket No. 215] recommending administrative closure is **REJECTED**. It is further

**ORDERED** that Defendant's Objection to Magistrate Judge's Order and Recommendation Re: Plaintiff's Motion for Hearing/Conference [Docket No. 219] is **GRANTED**. It is further

**ORDERED** that Defendant's Motion for Leave to File Reply in Support of Objection to Magistrate Judge's Order and Recommendation [Docket No. 222] is **DENIED**.

DATED March 21, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge